IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PERRY GRUNDY, | § | |
| Petitioner, | § § § | |
| V. | § § | No. 3:12-cv-672-P-BN |
| RICK THALER, Director Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Perry Grundy, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

**Background**

Petitioner was charged with capital murder by a Dallas County grand jury. The State of Texas filed a motion to reduce the offense charged, which was granted by the trial court. Petitioner then pled guilty to the reduced charge of murder and was sentenced to 45 years' imprisonment. Petitioner did not file a direct appeal. Instead, Petitioner filed an application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *Ex parte Grundy*, WR-76,367-01 (Tex. Crim. App. Oct. 12, 2011).

Petitioner then filed this action in federal district court. In five grounds for

-1-

relief, Petitioner contends that: (1) his guilty plea was involuntary; (2) he received ineffective assistance of counsel; (3) the evidence was legally insufficient to support a conviction for capital murder; (4) his due process rights were violated; and (5) his sentence was illegal.

## Legal Standards

Where, as here, a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing

evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington v. Richter*, 131 S. Ct. 770, 784 (2011) ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning").

**Analysis**

*Allegedly Involuntary Guilty Plea*

Petitioner challenges his guilty plea's validity. A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States,* 523 U.S. 614, 618 (1998) (internal quotation marks omitted). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya,* 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic appreciation of the consequences of the plea. *See United States v. Gracia,* 983 F.2d 625, 627-28 (5th Cir. 1993). These core concerns are addressed by the admonishments contained in Texas

Code of Criminal Procedure, article 26.13. *See, e.g., Ojena v. Thaler*, No. 3:10-cv-2601-P-BD, 2011 WL 4048514, at *1 & n.1 (N.D. Tex. Aug. 25, 2011), *rec. adopted*, 2011 WL 4056162 (N.D. Tex. Sept. 12, 2011).

Prior to trial, Petitioner agreed to plead guilty to the reduced charge of murder. *Ex parte Grundy*, WR-76,367-01, Tr. at 39-42. Petitioner, his attorney, and the prosecutor signed a written plea agreement. *Id.* at 42. The agreement disclosed that the range of punishment for murder, a first degree felony, was between five and 99 years, or life, in prison, and a fine not to exceed $10,000. *Id.* at 40. As part of the plea agreement, Petitioner waived the full panoply of his constitutional rights, including his right to a jury trial, his right to confront and cross-examine witnesses, his right to a speedy trial, and his privilege against self-incrimination. *Id.* at 40-41. By signing the plea agreement, Petitioner acknowledged that "my attorney has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences." *Id.* at 42. Petitioner also signed a judicial confession admitting that he committed the offense of murder, a lesser included offense of the crime charged in the indictment. *Id.* at 37, 44. That is, Petitioner admitted that on or about September 4, 2005, in Dallas County, Texas, he did "unlawfully then and there intentionally cause the death of CHRISTOPHER BRADLEY, an individual, hereinafter called deceased, by SHOOTING DECEASED WITH A FIREARM, A DEADLY WEAPON[.]" *Id.* at 44. These representations by a defendant during plea proceedings carry a strong presumption of verity. *See Blackledge*

*v. Allison,* 431 U.S. 63, 74 (1977); *see also Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir. 1985) (official documents, such as a written plea agreement, "are entitled to a presumption of regularity and are accorded great evidentiary weight").

In an attempt to overcome this presumption, Petitioner claims that his guilty plea was involuntary because his defense counsel led him to believe that the State could prove his involvement in an underlying kidnaping in order to support a capital murder conviction. *See* Dkt. No. 4 at 3-4. But Petitioner did not plead guilty to, and was not convicted of, capital murder. Instead, the State filed a motion to reduce the offense charged from capital murder to murder. *See Ex parte Grundy*, WR-76,367-01, Tr. at 37. That motion was granted by the trial court. *Id.* Under Texas law, an individual is guilty of murder if he "intentionally or knowingly causes the death of an individual[.]" TEX. PENAL CODE § 19.02(b)(1). Petitioner pled guilty to the murder of Christopher Bradley without regard to an underlying felony and was not convicted of, or punished for, any role in a kidnaping. *Id.* at 44, 57. Petitioner's mistaken belief that he had been misled into pleading guilty to capital murder in no way undermines the voluntary and informed nature of his guilty plea to murder, with its attendant punishment range under which Petitioner was actually sentenced. Therefore, the state habeas court was not unreasonable in concluding that Petitioner "has failed to prove that his guilty plea was not entered knowingly, voluntarily and intelligently." *Ex parte Grundy*, WR-76,367-01, Tr. at 49.

*Petitioner's Other Alleged Grounds for Relief*

Petitioner's allegations of ineffective assistance of counsel, legal insufficiency of evidence, due process violation, and illegal sentence are all premised upon the same incorrect belief that he pled guilty to, and was convicted of, capital murder.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland,* 466 U.S. at

689), *petition for cert. filed*, (U.S. Dec. 11, 2012) (No. 12-7748). And, to demonstrate prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington,* 131 S. Ct. at 792. "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012).

Petitioner claims that his counsel was ineffective for failing to investigate and challenge the initial indictment and advising him to plead guilty to that allegedly defective indictment. *See* Dkt. No. 4 at 2-3. He also states that the evidence was legally insufficient to establish that he had any role in a kidnaping originally charged. *See id.* at 4-5. Due to this lack of evidence, he claims that his due process rights were violated and that he was sentenced to an illegal term of imprisonment. *See id.* at 5-6.

Again, however, Petitioner did not plead guilty to, and was not convicted of, capital murder, and he was not convicted of, or punished for, any role in a kidnaping. The punishment range for murder, a first degree felony, is imprisonment for life or any term of not more than 99 years or less than five years. *See* TEX. PEN. CODE § 12.32(a). Petitioner was sentenced within that range. The state habeas court concluded that,

> Applicant has failed to prove that he received ineffective assistance of counsel. The indictment properly alleged the offense of capital murder and the lesser included offense of murder. Once the State's motion to reduce the offense charged was granted, the State only had to prove that

> Applicant committed the offense of murder. Thus, counsel had no reason to object to a proper indictment or conduct an investigation into the elements of the law because he already knew them and was successful in having the charge reduced from capital murder to murder. The plea bargain agreement indicates the correct punishment range for the offense.

*Ex parte Grundy*, WR-76,367-01, Tr. at 48-49.

To the extent that Petitioner seeks to challenge his indictment as defective under Texas state law, that claim was considered and rejected by the state habeas court and is therefore foreclosed from federal habeas review. *See, e.g., Wood v. Quarterman,* 503 F.3d 408, 412 & n.1 (5th Cir. 2007).

Petitioner has failed to establish that the state habeas court's determination was unreasonable by showing that his defense attorney was deficient or that he was denied any other constitutional rights with regard to his conviction or sentence. Accordingly, his habeas petition should be denied.

**Recommendation**

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 23, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE